IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:05-179-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Jeffrey Anderson, | ) | |
| Defendant. | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. This motion is, in reality, a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.[1]

Defendant argues that the time limitation contained in § 2255(f)(4) provides a basis for him

---

[1] The Government has, in addition to arguing the motion's successive nature, argued the merits of Defendant's motion for relief. As the requirements of § 2244 are jurisdictional in nature, the court declines to reach the merits of Defendant's contentions.

to file this second or successive motion for relief. Defendant argues recent case law invalidates his sentence and that under § 2255(f)(4), he "may file for relief within one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* Reply at 12 (Dkt. # 93, filed Nov. 2, 2010). The limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not (even assuming its applicability) a change in the law. Additionally, and perhaps more importantly, the requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                    s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 15, 2010