IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:05-179-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Jeffrey Anderson, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, has filed a motion to amend under Fed. R. Civ. P. 15(c)(2). ECF No. 100. Defendant contends he is entitled to relief pursuant to the recent Supreme Court decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).

Defendant filed a motion for relief pursuant to 28 U.S.C. § 2255 on August 7, 2008. ECF No. 69. On September 29, 2008, the court granted summary judgment to the Government and the § 2255 motion was dismissed with prejudice. ECF No. 78. On September 10, 2010, Defendant filed a second § 2255 motion, which this court dismissed as successive. ECF No. 94.

There is no provision to amend and reopen a matter such as this which was dismissed with prejudice when new case is issued by an appellate court or the Supreme Court. The current motion is, in reality, a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. Prior to filing a second or successive petition under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

1

authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 20, 2015